IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCELLUS A. FRENCH, SR., #M21081, | |
| Petitioner, | Case No. 24-cv-01714-SPM |
| v. | |
| MENARD WARDEN,[1] | |
| Respondent. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Petitioner Marcellus French, an individual currently in custody of the Illinois Department of Corrections at Menard Correctional Center, commenced this action by filing with the Court a document titled "Motion for Mandamus," which was construed and docketed as a petition for writ of mandamus. (Doc. 1). The case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

### THE PETITION FOR WRIT OF MANDAMUS

In the Petition, French alleges that he was denied due process of law when he was found guilty of a disciplinary ticket and sanctioned with segregation without a fair and impartial hearing

---

[1] Plaintiff has not named a respondent. Because Plaintiff seeks a transfer to another facility, the Court has listed the Warden of Menard Correctional Center, his current custodian, as the respondent on the docket.

before the Adjustment Committee. (Doc. 1, p. 6). He also asserts that as of filing his petition on July 16, 2024, he has been in segregation for fourteen days, and during this time, he has been subjected to unconstitutional conditions of confinement and denied medical care. (*Id.* at p. 15). After his placement in segregation, on July 2, 2024, for seven days, he went without sheets, towels, a fan, yard time, the ability to shower, and hygiene items. (*Id.* at p. 10). When he was able to shower, the shower area was unsanitary, infested with germs, mold, urine stains, and rust. (*Id.* at p. 13). His cell has flooded twice with sewage, and he was not provided cleaning supplies to clean and sanitize his cell after the flooding. (*Id.* at p. 14). French states that he is unable to exercise in his cell due to its small size, and he has not been afforded recreation time. (*Id.* at p. 13). Finally, French alleges that since being placed in segregation, he has not received medical care for his infected toenails and back pain and spasms. (*Id.* at p. 12). French requests an immediate transfer to another facility, immediate release from segregation, monetary damages, the provision of immediate medical treatment, and an order of protection "to be placed on" certain staff members. (*Id.* at p. 7, 15).

## ANALYSIS

Two different federal statutes govern writs of mandamus, and French has cited neither in the Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, the Court has no authority to grant mandamus relief against state officials in this case. Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. French has not named a respondent, but it is clear he is seeking relief from employees of the Illinois Department of Corrections, not federal officials.

Section 1651 is also not an applicable statute in this case, as it does not vest the Court with jurisdiction to issue writs of mandamus against state officials. The statute only allows federal

courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). *See also Davis v. Spoden,* No. 09-cv-002-bbc, 2009 WL 483180 (W.D. Wisc. Feb. 25, 2009) (the statute does not "increase the scope of federal jurisdiction, which is lacking in this case." (citing *In re Campbell,* 264 F. 3d 730, 731 (7th Cir .2001))). Thus, this Court lacks jurisdiction to issue a writ of mandamus on French's behalf to anyone at Menard Correctional Center. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

The Court notes that allegations in French's petition are of the sort that could potentially be raised in a Section 1983 lawsuit. Section 1983 allows inmates to pursue a civil cause of action against local government officials for violations of their constitutional rights. The Court will not automatically convert French's writ of mandamus application into a Section 1983 action without his permission, but he will be afforded a 30-day window to file an amended pleading under Section 1983 if he wishes to do so. If he does file an amended pleading, French should be aware that he must have exhausted all available administrative remedies for each of his claims against the defendants before the filing of this suit on July 16, 2024, under the Prisoner Litigation Reform Act. If French did not exhaust his available administrative remedies at Menard Correctional Center before bringing this action, his unexhausted claims will be dismissed without prejudice, and he may file a new suit to address the claims once he properly exhausts (if there is still time to do so before the 2-year statute of limitations expires).

### DISPOSITION

For the reasons stated above, the Petition for Writ of Mandamus is **DISMISSED without prejudice** for lack of federal jurisdiction. The motion for status is **GRANTED** in light of this Order. (Doc. 11). The motion to accept claim as a class action is **DENIED as moot**. (Doc. 12).

French shall have 30 days to file an amended complaint, failing to file an amended complaint will result in dismissal of this case. The Clerk of Court is **DIRECTED** to mail French a copy of the standard civil rights template.

**IT IS SO ORDERED.**

**DATED:**   November 20, 2024

                                              _s/Stephen P. McGlynn_
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**